# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONN FREDERICK SMITH & LORETTA K. SMITH, | CASE NO. 1:11-cv-00398-LJO-SMS |
| Plaintiffs, | |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| HSBC BANK OF USA, National Association of Trustee on Behalf of Citigroup SHL1 and as Trustee for Citibank Global Markets, and REGIONS BANKS aka REGIONS FINANCIAL CORP., | |
| | (Doc. 1) |
| Defendants. | |
| _____/ | |

## Screening Order

Plaintiffs Vonn Frederick Smith and Loretta K. Smith, proceeding *pro se* and *in forma pauperis*, filed their complaint on March 8, 2011.  They challenge the foreclosure of certain unspecified real property and allege (1) fraud; (2) wrongful and fraudulent foreclosure; (3) RICO violations; (4) due process violations; (5) unfair business practices; (6) misrepresentation; (7) deceit;  and (8) quiet title.  Plaintiffs seek damages and equitable relief, including declaratory judgment and injunctive relief.  This matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

## I.   Screening Requirement

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties.  *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must

1

1  screen the complaint and must dismiss it at any time if it concludes that the action or appeal is

2  frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

3  relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Notwith-

4  standing any filing fee, or any portion thereof, that may have been paid, the court shall

5  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

6  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

7  **II.   Pleading Standards**

8        Federal Rule of Civil Procedure 8(a) provides:

9        A pleading that states a claim for relief must contain:

10       (1)    a short and plain statement of the grounds for the court's jurisdiction, unless
                the court already has jurisdiction and the claim needs no new jurisdictional
11              support;

12       (2)    a short and plain statement of the claim showing the pleader is entitled to
                relief; and
13
14       (3)    a demand for the relief sought, which may include relief in the alternative or
                different types of relief.

15       "Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

16        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

17  exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).

18  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing

19  that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give

20  the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

21  *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare

22  recitals of the elements of the cause of action, supported by mere conclusory statements, do not

23  suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*,

24  550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to

25  'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at

26  555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at

27  1949**.**

28  ///

1    Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief

2    above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set

3    forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions,

4    and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation*

5    *marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set

6    forth the legal and factual basis for his or her claim.

7    Plaintiffs' complaint falls woefully short of meeting these pleading standards.  Most

8    allegations are legal conclusions.  The few factual allegations are vague and incomplete.  The

9    complaint makes no attempt to organize the allegations to correspond to the causes of action set

10    forth in the caption.  The overall result is confusing and, since the Court cannot easily identify

11    Plaintiffs' claims and the facts supporting them, ineffective.

12    "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges."

13    *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).  In preparing their amended complaint,

14    Plaintiffs are directed to excise any rhetoric or embellishment not pleaded as fact supporting their

15    claims.  The complaint should comply with F.R.Civ.P. 8(b)'s requirement to state "a short and

16    plain statement of the claim," and F.R.Civ.P. 8(d)(1)'s requirement that "[e]ach allegation be

17    simple, concise, and direct."  *See also McHenry*, 84 F.3d at 1180 ("Something labeled a complaint

18    but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness,

19    and clarity as to whom Plaintiffs are suing for what wrongs, fails to perform the essential functions

20    of a complaint.").

21    This Court will not speculate regarding which facts Plaintiffs intend to support which

22    claims.  If Plaintiffs choose to amend the complaint, as they are permitted to do pursuant to this

23    order, they must correlate their claims for relief with the factual basis underlying each one,

24    demonstrating how the occurrences of which they complain have relate to each cause of action.  To

25    accomplish this objective, Plaintiffs may find it helpful to set forth each claim individually,

26    followed by relevant supporting factual allegations.  Plaintiffs must identify and omit any irrelevant

27    or unnecessary facts and duplicative or unsupported claims to enable the Court to evaluate their

28    ///

claims and the facts supporting each one.  Plaintiffs are encouraged to focus on the standard set forth in Fed. R. Civ. P. 8(a).

Finally, the complaint includes a section entitled "Points and Authorities."  As already discussed, the purpose of the complaint is to set forth the factual basis for the plaintiff's legal claims.  Legal argument is inappropriate in the pleadings.

## III.    Failure to Tender Indebtedness

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of actions for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996), *cert. denied*, 519 U.S. 1081 (1997).  "A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580 (1984); *Still v. Plaza Marina Commercial Corp.*, 21 Cal.App.3d 378, 385 (1971).  "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnolds Management,* 158 Cal.App.3d at 580.  "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Rauer's Law & Collection Co. v. Sheridan Proctor Co.*, 40 Cal.App. 524, 525 (1919).

If the borrower does not pay off the debt, he can neither enjoin the trustee's sale of the property under the deed of trust nor have his title quieted against the purchaser at such a sale. *Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006 (1948).  In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, the Court of Appeal explained:

> [G]enerally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied buy an offer to pay the full amount of the debt for which the property was security."  This rule, traditionally applied to trustors, is based upon the equitable maxim that a court of equity will not order a useless act performed .  "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.
>
> * * * * *
>
> The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result is damages to the plaintiffs.

207 Cal.App.3d 1018, 1021 (1989) (*citations omitted*).

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Savings & Loan Ass'n*, 15 Cal.App.3d 112, 117 (1971). The basic rule is that an offer of performance is of no effect if the person making it is unable to perform. *Id.* at 118. Simply put, if an offeror "is without the money necessary to make the offer good and knows it," the tender is without legal force or effect. *Id.* at 118. Setting aside a foreclosure sale on the technical ground that notice was improper would be futile if the party challenging the sale could not establish his ability to purchase the property. *United States Cold Storage v. Great Western Savings & Loan Ass'n*, 165 Cal.App.3d 1214, 1224 (1985). "It is well settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934). *See also Mix v. Sodd*, 126 Cal.App.3d 386, 390 (1981); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974) (holding that a trustor is unable to quiet title "without discharging his debt"). To obtain rescission or cancellation of a debt, the plaintiff is required to restore to the defendant everything of value which the plaintiff has received in the transaction . . . . The rule applies although the plaintiff was induced to enter the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796 (1961).

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Ass'n*, 200 Cal.App.3d 1154, 1165 (1988).

Here, the complaint does not allege that Plaintiffs tender the amount of the mortgage. To the contrary, the complaint alleges that Plaintiffs are presently in dire financial straits, unable to maintain their former standard of living. Because Plaintiffs cannot prevail on various remedies they seek without tendering the full amount due on the mortgage loan, the amended complaint must allege Plaintiffs' tender of all amounts outstanding on their loan.

///

1   **IV.   Defendants**

2         Plaintiffs name only two defendants, providing only minimal identification in the body of

3   the complaint.   Nonetheless, the complaint appears to allege wrongdoing by other parties, such as

4   Quickloan, Les Nieves and Khristi Matheny, among others.   If Plaintiffs elect to amend their

5   complaint, as this order permits them to do, they must either tie these apparently unrelated wrong-

6   doers to the named defendants, name them as additional defendants, or omit the claims from the

7   amended complaint.   In addition, Plaintiffs' allegations identifying the named defendants should

8   more fully identify them, including form of business and address, insofar as that is possible.

9         Plaintiffs also sue one hundred "John Doe defendants," but the complaint provides no clue

10  as to who these unidentified defendants are.   To properly plead John Doe defendants, a plaintiff

11  must allege the particulars of his or her claim against each one, even though the plaintiff does not

12  know the individual's name at the time of pleading.

13        The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious

14  defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995), *aff'd*, 87

15  F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997).   *See also Fifty Associates v.*

16  *Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970).   "As a general rule, the use of 'John Doe'

17  to identify a defendant is not favored."   *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

18  Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through

19  discovery, unless it is clear that discovery will not reveal their identities or the complaint must be

20  dismissed for other reasons.   *Id.*   "While Doe pleading is disfavored, it is not prohibited in federal

21  practice."   *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008).

22        Although papers and pleadings submitted by *pro se* litigants are subject to a less stringent

23  standard than those of parties represented by attorneys, a *pro se* plaintiff must follow the rules and

24  orders of the Court, including diligently acting to identify any "John Doe" defendants named in his

25  suit.   *Grinage v. Leyba*, 2008 WL 199720 at 12 (D. Nev. January 17, 2008) (No. 2:06-cv-0835-

26  RLHGWF).   When a Plaintiff is not able to name one or more Defendants when he files his

27  complaint, he must provide sufficient information to enable the court and his opponents to know

28  whom he is trying to identify.   *See Bivens v. Six Unknown Named Agents of Federal Bureau of*

1  *Narcotics*, 403 U.S. 388, 390 n. 2 (1971) (in which "the District Court ordered that the complaint be

2  served upon 'those federal agents who it is indicated by the records of the United States Attorney

3  participated in the November 25, 1965, arrest of the petitioner'"), and *Wakefield v. Thompson*, 177

4  F.3d 1160, 1162 n. 4 (9th Cir. 1999) (although the plaintiff did not know the name of the officer who

5  refused to provide the plaintiff's prescription when releasing plaintiff on parole, the plaintiff

6  informed the Court that the name could be secured "by inspecting the 'parole papers that the

7  plaintiff signed at the time of his release' and the 'Duty Roster for that day.'") The body of

8  Plaintiffs' complaint must set forth their claims against each John Doe, even if they cannot yet

9  provide each individual's name.

10  **IV.   Plaintiffs' Claims**

11       **A.   Wrongful Foreclosure**

12       Wrongful foreclosure is a claim under California state law.  *See Guerrero v. Greenpoint*

13  *Mortgage Funding, Inc.*, 403 Fed.Appx. 154, 156-57 (9th Cir. 2010).  "Civil Code sections 2924

14  through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure

15  sale pursuant to a power of sale contained in a deed of trust."  *Moeller v. Lien*, 25 Cal.App.4th 822,

16  830 (1994).  A plaintiff alleging wrongful foreclosure must set forth facts supporting the proposition

17  that the defendant did not comply with the statutory procedure.  *See, e.g., Valtierra v. Wells Fargo*

18  *Bank, N.A.*, 2011 WL 590596 at *6 (E.D. Cal. February 10, 2011) (No. 1:10-cv-00849-AWI-GSA).

19  In addition, to establish standing to bring a wrongful foreclosure claim, a plaintiff must allege facts

20  necessary to establish actual, full, and unambiguous tender of the debt owed on the mortgage.

21  *Karlsen*, 15 Cal.App.3d at 117.  Although Plaintiffs set forth a list of legal conclusions that they

22  contend exist in their case, they do not articulate in a complete and understandable way facts

23  supporting a cognizable claim of wrongful foreclosure.

24       **B.   Fraud, Misrepresentation, Deceit**

25       Under California law, the "elements of fraud are: (1) a misrepresentation (false

26  representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to

27  defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damages.  *Robinson*

28  *Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979, 990 (2004).  Federal Rule of Civil Procedure

9(b) requires that, when a plaintiff alleges fraud, the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  Although the substantive elements of fraud are established by state law, Plaintiffs must plead the elements in accordance with the requirements of F.R.Civ.P. 9(b).  *See Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  "The plaintiff must set forth what is false or misleading about a statement, and why it is false."  *Vess*, 317 F.3d at 1106.  In other words, a plaintiff must allege facts establishing "the who, what, when, where, and how" of the fraud.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

**C.**      **RICO Act**

The elements of a civil RICO claim are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity ("predicate acts") (5) causing injury to the plaintiff's business or property.  *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005), *cert. denied*, 547 U.S. 1192 (2006).  To state a RICO claim, a plaintiff must allege a pattern of racketeering activity, which requires at least two predicate acts.  *Clark v. Time Warner Cable*, 523 F.3d 1110, 1116 (9th Cir. 2008).  A plaintiff must also allege that the prohibited conduct was the proximate cause of the injury to his business or property, and that he suffered a concrete financial loss.  *Chaset v. Fleer/Skybox Int'l, L.P.*, 300 F.3d 1083, 1086 (9th Cir. 2002).  Plaintiff's vague and conclusory complaint does not plead with particularity the claim's elements as defined in 18 U.S.C. § 1961.

**D.**      **Due Process**

Plaintiffs contend that their constitutional rights under the due process clause were violated by the nonjudicial foreclosure of the property.  They do not allege how Defendants functioned as state actors in conducting the foreclosure.

///

///

8

1    **E.    Unfair Business Practices**

2    "Unfair business practices" is neither a common law nor statutory claim.  Despite a careful

3    review of the complaint, the Court is unable to identify what Plaintiffs intend to allege as "unfair

4    business practices."

5    **F.    Violation of Automatic Stay in Bankruptcy**

6    Plaintiffs contend that because Defendant Regions Financial somehow violated the

7    automatic stay in Plaintiffs' 2007 bankruptcy proceedings, the foreclosure of the property can be set

8    aside.  Couched in extensive legal argument, the factual basis of Plaintiffs' claim is unclear.  In

9    addition, the complaint does not clearly set forth the procedural status of Plaintiff's allegation.  If

10   Plaintiff's intent is to appeal a bankruptcy court decision, that intent should be clearly expressed and

11   the specific order or judgment identified.

12   **G.    Quiet Title Action**

13   Again, Plaintiffs alleges legal conclusion, not facts supporting their claim.  To maintain a

14   quiet title action, a plaintiff must allege specific facts supporting his or her allegations.  *Cholla*

15   *Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), *cert. denied*, 544 U.S. 974 (2005).

16   California Code of Civil Procedure § 760.010 provides for an action "to establish title against

17   adverse claims to real or personal property or any interest therein."  Such an action requires a

18   plaintiff to allege (1) the legal description and street address of the subject property; (2) plaintiff's

19   title to the property for which determination is sought and the basis of the title claim; (3) the adverse

20   claims to the title of the plaintiff against which the determination is sought; (4) the date as of which

21   the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against

22   the adverse claims.  California Code of Civil Procedure § 761.020.  A quiet title claim also requires

23   the plaintiff to allege that he or she is the rightful owner of the property in that he or she has

24   satisfied all obligations under the deed of trust.  *See Kelley v. Mortgage Electronic Registration*

25   *Systems, Inc.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009).

26   In particular, the mortgagor must allege that he or she has paid, or tendered payment of, the

27   full amount due under the mortgage.  In California, a mortgagor cannot quiet title against the

28   mortgagee without paying the debt secured.  *Shimpones*, 219 Cal. at 649.  An action to set aside a

1    sale under a deed of trust does not state a cause of action unless it is accompanied by an offer to

2    redeem. *Copsey v. Sacramento Bank*, 133 Cal. 659, 662 (1901).

3         **H.**      **Injunctive Relief**

4         An injunction is an extraordinary remedy. *Weinberger v. Romero-Barcelo*, 456 U.S. 305,

5    312 (1982). It should issue only when court intervention "is essential in order effectually to protect

6    property rights against injuries otherwise irremediable." *Cavanaugh v. Looney*, 248 U.S. 453, 456

7    (1919). "[T]he basis for injunctive relief has always been irreparable injury and the inadequacy of

8    legal remedies." *Weinberger*, 456 U.S. at 312.

9         At the very least, the amended complaint must articulate what behavior, by which

10    Defendant(s), Plaintiffs seek to preclude. In the absence of this information, the Court is unable to

11    provide much specific guidance as to what Plaintiffs must allege for their claim to be cognizable.

12    Before a court may enter a permanent injunction, a plaintiff seeking such relief must satisfy a four-

13    part test, demonstrating (1) that it has suffered irreparable injury; (2) that remedies available at law,

14    such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the

15    balance of hardships between the plaintiff and the defendant, an equitable remedy is warranted; and

16    (4) that the public interest would be served by a permanent injunction. *eBay Inc. v. MercExchange,*

17    *L.L.C.,* 547 U.S. 388, 391 (2006). Plaintiffs' revision of the complaint may also be guided by

18    F.R.Civ.P. 65(d)(1), which requires every order granting an injunction to (A) state the reasons why

19    it is issued; (B) state its terms specifically; and (D) describe in reasonable detail the act or acts

20    restrained or required.

21         Plaintiff's request for an injunction appears to request, not injunctive relief against the

22    Defendants' acts, but the setting aside of the foreclosure sale. If setting aside the foreclosure sale is

23    what Plaintiffs seeks, an injunction is not the appropriate remedy. In addition, Plaintiffs must allege

24    tender of the amount due under the mortgage to pursue relief from the sale.

25         Because of the complaint's vague and confusing nature, the Court also warns Plaintiffs that

26    this action is not the appropriate procedure to appeal a state court's judgment as having been

27    erroneous. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983);

28    *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The clearest case for dismissal based

1   on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an

2   allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on

3   that decision." *Heinrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir.), *cert. denied*,

4   552 U.S. 1037 (2007).

5   **XI.**    **Conclusion and Order**

6         Plaintiff's complaint fails to state a claim upon which relief may be granted.  The Court will

7   provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies

8   identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

9   Plaintiff may not change the nature of this suit by adding new, unrelated claims in the amended

10   complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

11         Plaintiff's amended complaint should be brief, but, as discussed above, must allege

12   sufficient facts to support each claim. Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual

13   allegations must be [sufficient] to raise a right to relief above the speculative

14   level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*).  Plaintiff should focus on identifying their

15   legal claims and setting forth, as briefly but specifically as possible, the facts linking the defendants

16   they name to the alleged claims.

17         Finally, Plaintiffs are advised that an amended complaint supercedes the original complaint,

18   *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v.*

19   *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the

20   prior or superceded pleading," Local Rule 15-220.  "All causes of action alleged in an original

21   complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567;

22   *accord Forsyth*, 114 F.3d at 1474.

23         Based on the foregoing, it is HEREBY ORDERED that:

24       1.     Plaintiffs' complaint is dismissed with leave to amend for failure to state a claim;

25       2.     Within **thirty (30) days** from the date of service of this order, Plaintiffs shall file an

26              amended complaint curing the deficiencies identified by the Court in this order; and

27   ///

28   ///

1        3.       If Plaintiffs fail to file an amended complaint within **thirty (30) days** from the date

2            of service of this order, this action will be dismissed with prejudice for failure to

3            state a claim.

4

5    IT IS SO ORDERED.

6    **Dated:**   **April 19, 2011**                  **/s/ Sandra M. Snyder**

7                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28